(No. 18909.—

THE WHITE CITY AMUSEMENT COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(AGNES SIWIEC, Defendant in Error.)

*Opinion filed October 25, 1928.*

McKenna & Harris, for plaintiff in error.

George A. Schneider, for defendant in error.

Mr. Justice Heard delivered the opinion of the court:

Plaintiff in error, the White City Amusement Company, by leave of this court has sued out a writ of error to review an order of the superior court of Cook county confirming an award of the Industrial Commission in favor of defendant in error, Agnes Siwiec, widow of Max Siwiec, deceased, against plaintiff in error, under the Workmen's Compensation act, for $12 a week for 208 weeks.

It is contended by plaintiff in error that the deceased was not in its employment at the time of the accident. In the view which we take of this case it is not necessary to discuss or consider this question.

It is contended by plaintiff in error that the accident did not arise out of the employment. Plaintiff in error was conducting an amusement park in Chicago known as the White City. Among other amusements was what was known as "the chutes." The chutes is a name given to a structure consisting principally of a loading platform, a very high and steep incline consisting of two divisions, on each of which are tracks, and a pond of water called a lagoon. Water is constantly running down the incline into the lagoon. The amusement consists of coasting in a boat down the right (or west) track of the incline at a high rate of speed from the loading platform to the lagoon. Each boat is in charge of an employee, who is called a "sailor." When the boat strikes the water the sailor guides the boat to the side of the lagoon, where the passengers disembark. He then propels the boat to the foot of the incline, where it is dragged by an endless chain up the left (or east) track to

the top to a turn-table on the loading platform, where it is ready for another load of passengers. Deceased had worked as an extra sailor on one or two occasions, and on August 6, 1926, came to the park for the purpose of working if his services were needed. Whether he went to work or not is in dispute. Just before nine o'clock he entered an empty boat and started up the incline in it, and when a short distance up, for some reason not disclosed by the evidence, left the boat, crossed the division between the two tracks and started to walk across the west track, and just as he reached the west rail a boat load of passengers coming down that track struck and injured him. He was taken to a hospital and died at four o'clock the next morning. He had been instructed on a previous occasion by the foreman who employed him not to cross the tracks.

To entitle a claimant to an award under the Compensation act it is not sufficient that the injury occurred in the course of the employment. It must also arise out of the employment. It has long been the established rule in this State that where an employee places himself in a dangerous place where his employment does not necessarily carry him, and where he incurs a danger of his own choosing outside of the reasonable requirements of his employment, the risk arising from such act cannot be said to be incident to or arise out of his employment. (*St. Louis and O'Fallon Coal Co.* v. *Industrial Com.* 325 Ill. 574.) If deceased was employed at all on the evening in question he was employed at the foot of the east incline immediately before the accident. Assuming that he was so employed, his sole duty was then to go up the left (or east) incline in a boat to the turn-table on the platform and go down with a boat load of passengers on the right (or west) track. No reason whatever is shown by the evidence for his leaving the boat while it was going up the incline and crossing over to the west track, where he was injured. None of his duties called him there. If deceased was an employee he chose to go to a dangerous

place where his employment did not necessarily carry him and where he incurred a danger of his own choosing and one altogether outside any reasonable exercise of his employment. It cannot be said that his act was an incident to his employment, (*United Disposal Co. v. Industrial Com.* 291 Ill. 480,) and having received an injury resulting in his death, compensation cannot be allowed to his widow.

The order of the superior court of Cook county is therefore reversed.

*Order reversed.*